NO. 07-05-0155-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 14, 2005

_____

CHRISTOPHER WAYNE MCCOY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 174TH DISTRICT COURT OF HARRIS COUNTY;

NO. 999635; HONORABLE GEORGE H. GODWIN, JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Christopher Wayne McCoy, appeals from a conviction and sentence pursuant to a guilty plea to the charge of aggravated sexual assault of a child. We affirm.

Appellant entered a plea of guilty to the charge of aggravated sexual assault of a child on October 27, 2004. Appellant and the State had not entered into a plea bargain agreement. The trial court heard evidence, found that the evidence substantiated appellant's guilt, but deferred ruling until a pre-sentence investigation could be completed.

A sentencing hearing was held on February 9, 2005, at which the trial court heard arguments of the parties and sentenced appellant to confinement for eight years in the Institutional Division of the Texas Department of Criminal Justice.

Counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. In support of this motion, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that, in the opinion of counsel, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus concludes that the appeal is frivolous. Counsel has discussed why, under the controlling authorities, there is no arguably reversible error in the trial court proceeding or judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel's brief demonstrates a conscientious review of the entire record and analysis of the legal issues involved in a potential appeal.

Counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of appellant's right to review the record and file a response to counsel's motion and brief. The clerk of this court has also advised appellant by letter of his right to file a response to counsel's Anders brief. Appellant has filed a *pro se* response.

Appellant contends that he was denied effective assistance of counsel because his appointed trial counsel led him to believe that he would receive probation if he pled guilty to the charged offense. The record indicates that appellant signed admissions of guilt and

2

written admonishments and was orally examined and admonished by the trial judge before his guilty plea was accepted. Further, the trial court correctly informed appellant of the proper range of punishment for the charged offense and specifically admonished appellant that the court may grant him deferred adjudication or send him to the penitentiary for 99 years or life. Appellant replied that he understood the court's punishment option but reiterated his desire to plead guilty. We find no merit in appellant's contention. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986).

We have made an independent examination of the record to determine whether there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 82-83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). The record reveals no such grounds. We agree that the appeal is frivolous.

Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial court is affirmed.


Mackey K. Hancock
Justice


Do not publish.